**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Rodolfo ARELLANO, Defendant-Appellee.**

No. 87SA31.

Supreme Court of Colorado, En Banc.

Oct. 5, 1987.

---

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Jaydee K. Bachman, Deputy State Public Defenders, Denver, for defendant-appellee.

PER CURIAM.

On September 4, 1986, the defendant, Rodolfo Arellano, was charged with first degree assault, § 18–3–202(1)(a), 8B C.R.S. (1986), as a result of an alleged stabbing of a neighbor. The defendant made a pretrial motion to dismiss the charge against him on the grounds that he was immune from prosecution under section 18–1–704.5, 8B C.R.S. (1986), which provides that under certain circumstances an occupant of a dwelling using physical force against an intruder shall be immune from prosecution for the use of such force. The district court ruled that it was incumbent on the prosecution to establish beyond a reasonable doubt that the immunity provisions of section 18–1–704.5 were not applicable to the defendant. Since the court had a reasonable doubt about whether the immunity statute applies, it resolved that doubt in favor of the defendant and dismissed the charge against the defendant. The People appeal this ruling pursuant to section 16–12–102(1), 8A C.R.S. (1986).

In *People v. Guenther,* 740 P.2d 971 (Colo.1987), we held that a defendant seeking immunity under section 18–1–704.5 bears the burden of establishing by a preponderance of the evidence the statutory conditions for immunity. *Id.* at 981–982. If the defendant meets this burden of proof, then, pursuant to *Guenther,* the trial court must grant the defendant immunity from prosecution and dismiss the charges to which the immunity statute applies. *Id.* at 982.

In the instant case the defendant concedes that the judgment of dismissal was entered under an erroneous legal standard. Because the district court applied an incorrect standard in granting the defendant's motion to dismiss, we reverse the judgment and remand the case for further proceedings.